**IN THE COURT OF COMMON PLEAS**
**WARREN COUNTY, PENNSYLVANIA**

FILED
2026 SEP 28 AM 11:32
WARREN COUNTY
PROTHONOTARY/
CLERK OF COURTS

**BRITTANY BLUE,**

Plaintiff,

v.

**COUNTY OF WARREN,**

Defendant.

Judge:

Case No.: 420

**COMPLAINT IN A CIVIL ACTION**

Filed on behalf of: Brittany Blue

Counsel of Record:

Timothy D. McNair, Esquire
PA ID No.: 34304
tmcnair@mcnairlaw.com

McNair Law Offices, PLLC
821 State Street
Erie, PA 16501
Phone: (814) 452-0700
Fax: (814) 454-2371

**JURY TRIAL DEMANDED**

RECEIVED
SEP 2 8 2026
Warren County
Sheriff's Office
Warren, PA

EXHIBIT A

**IN THE COURT OF COMMON PLEAS**
**WARREN COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| **BRITTANY BLUE,** | ) | Judge: |
| Plaintiff, | ) | Case No.: 420 |
| v. | ) | |
| **COUNTY OF WARREN,** | ) | |
| Defendant. | ) | Jury Trial Demanded |

## NOTICE TO DEFEND

TO: Warren County
204 Fourth Ave.
Warren, PA 16365

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP:

NORTHWESTERN LEGAL SERVICES
1001 State Street
Renaissance Centre, Suite 700
Erie, PA 16501-5704
Telephone: (814) 452-6949
(800)665-6957

Timothy D. McNair, Esq.
821 State St.
Erie, PA 16501
P: 814-452-0700
F: 814-454-2371
E: tmcnair@mcnairlaw.com

**IN THE COURT OF COMMON PLEAS**
**WARREN COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| **BRITTANY BLUE,** | ) | Judge: |
| Plaintiff, | ) | Case No.: 420 |
| v. | ) | |
| **COUNTY OF WARREN,** | ) | **COMPLAINT** |
| Defendant. | ) | |
| | ) | Jury Trial Demanded |

NOW COMES the Plaintiff, Brittany Blue, by and through undersigned counsel, and for her Complaint against the Defendants, County of Warren and Warren County Prison, submits the following:

**PARTIES**

1. Plaintiff, Brittany Blue ("Plaintiff" or "Blue"), is an adult Caucasian female residing in the town of Irvine, Warren County, Pennsylvania.

2. Defendant, Warren County ("Defendant" or "the County") is a political subdivision of the Commonwealth of Pennsylvania maintaining its principal place of business at 204 Fourth Avenue, Warren, Warren County, Pennsylvania 16365.

3. Warren County Prison ("the Prison"), is publicly owned by Warren County, Pennsylvania, and is operated under the authority of the Warren County Prison Board and supervised by the Warden of the County, maintaining its office and

principal place of business at 407 Market St., Warren, Warren County, Pennsylvania 16365.

## VENUE

4. This Court has jurisdiction over this action pursuant to 42 Pa.C.S. § 931.

5. Venue is proper in this jurisdiction as Warren County and Warren County Prison each maintain their principal place of business in the city of Warren, Warren County, Pennsylvania and because all of the acts and occurrences described herein happened within the County of Warren in the Commonwealth of Pennsylvania.

## FACTUAL ALLEGATIONS

6. During all relevant times, Plaintiff was employed by Defendant as a Corrections Officer in the Warren County Prison, with her dates of employment being April, 2023 through November 4, 2025. Upon information and belief, Defendant employs between 101 and 200 employees at any given time.

7. Plaintiff suffers from a disability, epilepsy. Plaintiff was, despite this disability, able to perform all of the essential functions of her position as Corrections Officer on a full-time basis with the accommodation of working day shift only. The day shift only accommodation was reasonable since the Prison has a sufficient number of employees that restricting Plaintiff to day shift would not have imposed an unreasonable burden on the Defendant.

8. In or about April, 2025, Plaintiff suffered two seizures during her nonworking hours. Plaintiff's epilepsy had long been well controlled, and it is believed the condition was aggravated by working 16 hours per day on consecutive days.

9. In or about April, 2025, Plaintiff was medically cleared to return to full-time duty, working 7 a.m. to 7 p.m., and was cleared to drive and able to transport prisoners. Plaintiff was released to regular duty by her doctor with that accommodation.

10. At that time, Defendant informed Plaintiff that they would not give her the accommodation of day shift only, and suggested that Plaintiff work on a part time, per diem basis, which she did.

11. Due to the financial strain caused by the abrupt diminution of her income, Plaintiff had to withdraw her pension, impairing her future retirement benefits and subjecting her to tax penalties.

12. In or about September, 2025, Defendant agreed to reinstate Plaintiff to her full-time position working day shift only, offering her backpay to compensate her for the wages lost as the result of being forced into a part time position, reinstatement of seniority, and restoration of pension contributions.

13. Despite the offer of reinstatement and backpay, Plaintiff's supervisor retaliated against Plaintiff by refusing to schedule her, limiting her work assignments, and only offering her work on the night shift, which she was medically precluded from doing. Defendant made no payment of backpay.

14. The Warden of the Prison retaliated against Plaintiff by limiting Plaintiff's hours of work and offering her work during time periods she was precluded from working, in retaliation for Plaintiff seeking accommodation.

15. Defendant then further retaliated against Plaintiff by withdrawing Plaintiff's husband, who is also employed by Defendant, from marksmanship training.

16. Plaintiff was actually and constructively discharged by the Defendant through their failure and refusal to give her work. Plaintiff acknowledged her constructive

termination on November 4, 2025, after she had not been given any shifts for quite some time.

17. During the same time period when Plaintiff was being constructively discharged, Defendant was hiring numerous new full-time day shift employees and refusing to reinstate Plaintiff to full time, despite Defendant's HR department indicating in writing that Plaintiff was to be reinstated in October of 2025. Additionally, following Plaintiff's constructive discharge, Defendant hired less qualified individuals and assigned them to the day shift, at least one of whom had been terminated by Defendant previously for failing to successfully complete the required training for the position.

18. As a result of the refusal to accommodate Plaintiff's disability and her constructive discharge, Plaintiff has lost wages at the rate of $23.02 per hour, as well as her fringe benefits of pension, healthcare, and vacation.

19. As a result of the Defendant's refusal to accommodate Plaintiff's disability, she has suffered substantial mental anguish, embarrassment, humiliation, and stress.

20. The actions of the Defendant were undertaken with knowledge that they were violating the Americans with Disabilities Act and the Pennsylvania Human Relations Act.

**COUNT 1 – Defendant's Violations of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*. ("ADA")**

21. Plaintiff incorporates all preceding paragraphs as if fully rewritten herein.

22. Under the ADA, an employer is prohibited from discriminating against, "a qualified individual with a disability because of the disability of such individual in regard to

job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C.A. § 12112(a)

23. A "qualified individual with a disability" is defined by the ADA as a person "with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C.A. § 12111(8)

24. A "disability" is: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C.A. § 12102(2)

25. At all times relevant, Plaintiff was an individual with a disability.

26. At all times relevant, Plaintiff, with reasonable accommodation, was able to perform the essential functions of the employment position in question.

27. Despite the availability of openings on day shift that made assigning Plaintiff to the medically recommended schedule reasonable with no adverse impact on Defendant, Defendant failed and refused to accommodate Plaintiff because they regarded her as disabled.

28. As the result of Defendant's violations of the Americans with Disabilities Act, Plaintiff sustained the damages set forth above.

**COUNT 2 – Defendant's Violations of the Pennsylvania Human Relations Act 43 P.S. § 955 ("PHRA")**

29. Plaintiff incorporates all preceding paragraphs as if fully rewritten herein.

30. The PHRA states that: "It shall be an unlawful discriminatory practice...for any employer because of the...non-job-related handicap or disability...of any individual...to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required." 43 P.S. § 955(a)

31. At all times relevant, Defendant was Plaintiff's employer.

32. At all times relevant, Plaintiff had a non-job-related disability.

33. During Plaintiff's employment with Defendant, Plaintiff was barred or discharged from employment.

34. During Plaintiff's employment, Plaintiff's terms, conditions, and privileges of employment were changed.

35. Plaintiff was the best able and most competent to perform the services required as demonstrated by her years of successful service in the position prior to the discriminatory actions of Defendant.

36. Defendant violated the Act by refusing to accommodate Plaintiff's disability.

37. As the result of Defendant's violations of the Act, Plaintiff suffered the damages set forth above.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant in an amount in excess of the limits for mandatory arbitration, together with her costs, attorneys' fees, and such other and further relief as the Court deems just.

**PLAINTIFF DEMANDS A TRIAL BY JURY OF TWELVE ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

Timothy D. McNair, Esq.
Pa. ID#34304
821 State Street
Erie, PA 16501
(814) 452-0700
(814) 454-2371
tmcnair@mcnairlaw.com

**IN THE COURT OF COMMON PLEAS**
**WARREN COUNTY, PENNSYLVANIA**

| | |
|---|---|
| **BRITTANY BLUE,** | Judge: |
| Plaintiff, | Case No.: |
| v. | |
| **COUNTY OF WARREN,** | |
| Defendant. | Jury demand enclosed |

## VERIFICATION

I, Brittany Blue, verify that the facts set forth in the within the Complaint are true and correct to the best of my knowledge, information, and belief. I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Brittany Blue (Sep 22, 2026 16:21:34 EDT)
Brittany Blue

Date: 22/09/2026

EXHIBIT A